IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| GALEN DERRY : | |
| 701 Macdill Rd. : | |
| Middle River, MD 21220-3794, : | |
| : | |
| On His Own Behalf and on Behalf : | |
| of All Others Similarly Situated : | |
| : | Civil Action No. |
| Plaintiff, : | |
| v. : | |
| : | |
| KIND & DASHOFF, LLC : | |
| One Church Lane : | |
| Baltimore, MD 21208 : | |
| s/o : | |
| Richard Kind, Resident Agent : | |
| One Church Lane : | |
| Baltimore, MD 21208 : | |
| : | |
| Defendants : | |

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff Galen Derry, on his own behalf and on behalf of a class of similarly situated persons, by and through his attorneys Ingmar Goldson of the Goldson Law Office, LLC and Joseph S. Mack of the Law Offices of Joseph S. Mack, sues Defendant Kind & Dashoff, LLC ("Kind & Dashoff"), and states as follows:

### INTRODUCTION

1. This Complaint challenges the unconscionable and illegal debt collection practices of Defendant Kind & Dashoff, perpetrated against hundreds, if not thousands, of consumers in the State of Maryland.

2. Defendant Kind & Dashoff is a debt collection law firm with a major portion of its practice consisting of collection of consumer debts. In that role, Defendant Kind &

Dashoff routinely places financially vulnerable Marylanders in an impossible position by requiring them to enter into promissory notes that contain a confessed judgment clause ("Confessed Judgment Promissory Note").

3. Although Maryland law unambiguously prohibits the use of a Confessed Judgment Promissory Note in connection with a consumer transaction because it constitutes an "unfair or deceptive practice" – see Maryland Consumer Protection Act ("CPA"), Comm. Law Art. §13-301(12) – Defendant Kind & Dashoff routinely presents Confessed Judgment Promissory Notes to Maryland consumer debtors like Named Plaintiff and the Class Members.

4. As set forth in this Complaint, Defendant Kind & Dashoff's prohibited use of the Confessed Judgment Promissory Notes violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

## PARTIES

5. Defendant Kind & Dashoff is a Maryland limited liability company with its principal place of business in Baltimore City, Maryland. Defendant Kind & Dashoff is engaged in the daily business of providing legal services and debt collection services for consumer lenders, landlords, and other consumer creditors.

6. Named Plaintiff Galen Derry is a resident of Baltimore County, Maryland, and is a "consumer" as defined by the FDCPA.

## JURISDICTION AND VENUE

7. This court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (Federal Question).

8. Venue is proper in this District because, under 28 U.S.C. § 1391(b), a

substantial part of the events giving rise to claims herein occurred within this District and the Defendant systematically and continually transacts business in this District.

## FACTS

### Common Facts

9. As part of its debt collection practice, and while attempting to collect consumer debts on behalf of their clients, Defendant Kind & Dashoff routinely presents Maryland consumers with Confessed Judgment Promissory Notes containing the following language:

> In the event of any default hereunder, the undersigned hereby constitute and appoint any attorney of any court of record of any state or territory and to confess judgment in any court, for the amount due upon this note, including court costs, attorney's fees and other costs of collection, hereby ratifying and confirming the acts of said attorney as fully as if performed by the undersigned.

10. This language constitutes a confessed judgment clause. As recently as January of 2020, the Maryland Court of Appeals has held that "the plain language of CL § 13-301(12) prohibits the use of contracts containing all confessed judgment clauses in consumer transactions because the very essence of a confessed judgment clause requires that the debtor waive defenses." *Goshen Run Homeowners Ass'n, Inc. v. Cisneros*, 467 Md. 74, 115, 223 A.3d 917, 941 (2020).

11. Despite even that unequivocal guidance, Defendant Kind & Dashoff has continued to routinely include confessed judgment clauses in promissory notes arising out of consumer transactions.

### Facts Specific to Named Plaintiff's Experience

12. Named Plaintiff disputed credit card charges that he found on his account with Destinations Credit Union ("Destinations"). Pending the dispute, Named Plaintiff did

3

not make credit card payments. Destinations rejected his dispute, reasoning that he took too long to dispute the charges in question. After Destinations rejected the dispute, it sent the account to Defendant Kind & Dashoff for collections.

13. Defendant Kind & Dashoff negotiated a payment plan with Named Plaintiff where he was to make monthly $125 payments.

14. Purporting to memorialize that payment plan, on April 9, 2020, Defendant Kind & Dashoff presented a Confessed Judgment Promissory Note to Named Plaintiff.

15. Named Plaintiff was confused, concerned and distressed by the contents of the proposed Confessed Judgment Promissory Note, and refused to agree to the Confessed Judgment Promissory Note, which he would have otherwise signed and benefitted from without the confessed judgment clause.

16. Instead, Named Plaintiff had to pay an attorney to review the proposed Confessed Judgment Promissory Note and attempt to negotiate a Promissory Note without illegal provisions.

17. Defendant Kind & Dashoff presented Named Plaintiff with another Confessed Judgment Promissory Note for the payment plan on July 29, 2020.

18. Defendant Kind & Dashoff explicitly stated to Named Plaintiff, through counsel, the that confessed judgment clause in the settlement contract would need to include a confessed judgment clause. Defendant Kind & Dashoff also stated that Named Plaintiff would incur "applicable late fees" if he did not sign the Confessed Judgment Promissory Note.

19. To date, Defendant Kind & Dashoff has refused to agree to a payment plan without the inclusion of a confessed judgment clause in a promissory note.

4

## CLASS ACTION ALLEGATIONS

20. Named Plaintiff brings this action on behalf of a Class which consists of:

> All Maryland consumers who, since September 16, 2019, were presented with by Defendant Kind & Dashoff, or made payments to Defendant Kind & Dashoff under, a promissory note that relates to a consumer transaction where the promissory note contains a confessed judgment clause.

21. The Class, as defined above, is identifiable. Named Plaintiff is a member of the Class.

22. The Class is so numerous that joinder of all members is impracticable; Defendant Kind & Dashoff enters into payment plans using Confessed Judgment Promissory Notes with hundreds of Maryland consumers each year.

23. There are questions of law and fact which are not only common to the Class, but which predominate over any questions affecting only individual class members. The common and predominating questions include, but are not limited to:

   a. Whether Defendant Kind & Dashoff employed unfair and unconscionable means to collect a debt by including a confessed judgment clause in a promissory note that arises out of a consumer transaction.

   b. Whether Defendant Kind & Dashoff's use of promissory notes containing confessed judgment clauses is prohibited by Md. Law, Comm. L. §13-301(12).

   c. Whether the actions of Defendant Kind & Dashoff constitute violations of the Fair Debt Collection Practices Act.

   d. Whether Named Plaintiff and the Class may recover damages.

24. The claims of Named Plaintiff are typical of the claims of the respective members of the Class within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of similar facts constituting Defendant's wrongful conduct. In particular, as a Maryland consumer who was presented with an illegal Confessed Judgment Promissory Note arising out of a consumer debt by Defendant Kind & Dashoff, Named Plaintiff asserts claims that are typical of each Class member. Named Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

25. Named Plaintiff is an adequate representative of the Class within the meaning of Fed. R. Civ. P. 23(a)(4), and is prepared to represent the Class. Furthermore, Named Plaintiff has secured counsel experienced in class actions, who foresee little difficulty in the management of this case as a class action.

26. Neither Named Plaintiff nor Plaintiffs' counsel has any interests that might cause them not to vigorously pursue this claim.

27. The prosecution of separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for Defendant within the meaning of Fed. R. Civ. P. 23(b)(1)(A).

28. Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Fed. R. Civ. P. 23(b)(3).

29. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## CAUSES OF ACTION

### Count I
### Violation of the Fair Debt Collection Practices Act
15 U.S.C. 1692f

30.     Plaintiffs incorporate into this paragraph the foregoing paragraphs of the Complaint.

31.     Federal law strictly regulates the practice of collecting consumer debts and imposes harsh penalties for the violation of those requirements. *See* 15 U.S.C. §§ 1692-1692p.

32.     In 1977, Congress enacted the FDCPA to address illegal and improper practices by debt collectors such as the Defendant Kind & Dashoff.  "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

33.     Congress enacted the FDCPA because it determined that: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

34.     To this end, the FDCPA forbids debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

35. The Act also makes it illegal for debt collectors to use "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

36. Any debt collector that violates the FDCPA is liable for actual damages, plus statutory damages, plus litigation costs and attorney's fees. 15 U.S.C. § 1692k.

37. Defendant Kind & Dashoff is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

38. The use in Maryland of a contract containing a confessed judgment clause in a transaction arising from or evidencing a consumer transaction is prohibited under Maryland law, and thus is unfair or unconscionable within the meaning of 15 U.S.C. 1692f.

39. Defendant Kind & Dashoff attempted to and/or required Named Plaintiff and Class Members to sign Confessed Judgments Promissory Notes evidencing or arising from consumer transactions and consumer debts.

40. As a result of Defendant Kind & Dashoff's failure to comply with the Fair Debt Collection Practices Act, Named Plaintiff and the Class suffered actual loss and other damages.

WHEREFORE, Named Plaintiff demands, on behalf of himself and the proposed Class, that the Court:

A. Award Named Plaintiff and the Class statutory and actual damages as provided for in the FDCPA, 15 U.S.C. § 1692k(a)(1) and (2), in an amount equal for each member of the Class to the greater of statutory damages under 15 U.S.C. § 1692k(a)(2) or payments made pursuant to a Confessed Judgment Promissory Note since September 16, 2019;

B. Certify this case as a Plaintiff Class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

C. Award pre-judgment interest;

D. Award Plaintiffs reasonable costs and attorney's fees; and

E. Award Plaintiffs such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Ingmar Goldson
Ingmar Goldson
The Goldson Law Office
1734 Elton Road, Suite 210
Silver Spring, MD 20903
Tel.    (240) 780-8829
 igoldson@goldsonlawoffice.com

/s/ Joseph Mack
Joseph Mack
The Law Offices of Joseph S. Mack
PO Box 65066
Baltimore, MD 21209
Tel.    (443) 423-0464
joseph@macklawonline.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all legal claims and disputed facts asserted herein.

 /s/Joseph Mack
Joseph Mack
